IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CATHERINE LYNN LOVELESS, et al.,

    Plaintiffs,

v.                                          CIVIL ACTION NO. 2:18-cv-01256

HUNTINGTON BANCSHARES INCORPORATED,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Before this Court is a motion to dismiss filed by Defendant Huntington Bancshares Incorporated ("Defendant"). (ECF No. 4.) Also before this Court is a motion for leave to conduct discovery filed by Plaintiffs Catherine Lynn Loveless ("Loveless") and James Matthew Ball ("Ball") (collectively, "Plaintiffs"). (ECF No. 7.) For the reasons explained more fully herein, Defendant's motion to dismiss, (ECF No. 4), is **DENIED**. Plaintiffs' motion for leave to conduct discovery, (ECF No. 7), is also **DENIED**.

## I.     BACKGROUND

Plaintiffs initially filed this action, which alleges that Defendant mismanaged a trust for which Plaintiffs are beneficiaries, in the Circuit Court of Kanawha County, West Virginia, on July 18, 2018. (ECF No. 1-1 at 6–12.) Defendant removed the matter to this Court on August 27, 2018. (ECF No. 1.) Shortly afterward, Defendant moved to dismiss the complaint as time-barred and attached several documents to its motion in support of that argument. (ECF Nos. 4, 4-

1

1, 4-2, 4-3, 4-4.) Plaintiffs filed a timely response, (ECF No. 6), and Defendant filed a timely reply, (ECF No. 8).

Contemporaneously with their response in opposition to Defendant's motion to dismiss, Plaintiffs filed a motion for leave to conduct discovery, asserting that they are entitled to discovery prior to this Court's ruling on the motion to dismiss because Defendant submitted for consideration documents that were not referenced in the complaint. (ECF No. 7.) Defendant filed a timely response, (ECF No. 9), but Plaintiffs did not file a reply.

As such, the motion to dismiss and the motion for leave to conduct discovery have been fully briefed and are ripe for adjudication.

## II. DISCUSSION

Defendant urges this Court to dismiss this matter as time-barred because according to Defendant, Ball took steps to remove Defendant as the trustee of the account that is the subject of this action in 2006. (ECF No. 5 at 2–3.) Defendant attaches to its motion to dismiss three documents to support this assertion: a May 26, 2006 letter purporting to be from Mr. Ball's attorney to one of Defendant's employees, (ECF No. 4-2); a note dated April 27, 2006, discussing matters similar to those in the letter, (ECF No. 4-3); and a note dated June 6, 2006, detailing a conversation with the attorney who wrote the May 26, 2006 letter, (ECF No. 4-4).[1] Defendant argues that this Court may consider these documents "because Plaintiffs' claims 'turn on' when they became aware of their status as beneficiaries." (ECF No. 5 at 6.)

Because "[a] motion to dismiss tests the sufficiency of a complaint," this Court's "evaluation is . . . generally limited to a review of the allegations of the complaint itself." *Goines*

---

[1] Defendant also attaches a July 23, 1963 court order creating the trust. (ECF No. 4-1.) Because this document is incorporated into the complaint, this Court may consider it in ruling on a motion to dismiss. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

*v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). This Court may "also consider documents that are explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Id.* at 166 (citations omitted). If the movant proffers a document "that was not attached to or expressly incorporated in [the] complaint," this Court may consider it only if "the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.*

Otherwise, if the movant presents "matters outside the pleadings" for this Court's consideration, this Court must treat the motion "as one for summary judgment under [Federal Rule of Civil Procedure 56]," rather than as a motion to dismiss. Fed. R. Civ. P. 12(d). Prior to ruling on the converted motion, this Court must first provide the nonmoving party with "an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011); *see* Fed. R. Civ. P. 12(d).

Defendant argues that the documents it attaches to its motion to dismiss are "integral" to Plaintiffs' complaint and may thus be considered without converting the motion into one for summary judgment. (ECF No. 5 at 6.) A document is "integral to the complaint" if "the complaint relies heavily upon its terms and effect" or if it has "independent legal significance" to the plaintiff's claims. *See Goines*, 822 F.3d at 166 (citing *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). For example, a newspaper article detailing comments made by the defendant is integral to the complaint where the suit is based on those remarks. *See Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). However, a police report quoted in the complaint but not central to the facts alleged therein is not integral to the complaint. *See Goines*, 822 F.3d at 166.

3

In this case, the communications from 2006 are not integral to the complaint. Plaintiffs' complaint does not allege any facts about events that occurred in 2006. (*See* ECF No. 1-1 at 6–12.) Thus, the complaint does not "rel[y] on" any communications from that year. *See Goines*, 822 F.3d at 166. Nor do these communications have legal significance independent of the allegations in the complaint. *See id.* Moreover, contrary to Defendant's assertion, Plaintiffs' claims that the trust was mismanaged do not "turn on" when Plaintiffs' discovered that they were beneficiaries of the trust. Therefore, this Court cannot consider the documents attached to Defendant's motion to dismiss in ruling on that motion. This Court further declines to convert Defendant's motion to dismiss into a motion for summary judgment in order to consider those documents. *See* Fed. R. Civ. P. 12(d) (providing that motion must be converted unless "matters outside the pleadings" are "excluded by the court"); *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 193 n.7 (noting that district court may "wholly ignore . . . attachments and rel[y] exclusively on the complaint").

Accordingly, this Court has before it only the allegations in the complaint to rule on the motion to dismiss. The dismissal of a complaint as time-barred is appropriate at the motion to dismiss stage "when the 'face of the complaint includes all necessary facts for the defense to prevail.'" *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850–51 (4th Cir. 2016)). Plaintiffs allege that Loveless "first received an account statement regarding the [trust] in 2015" and that Plaintiffs discovered their status as beneficiaries of the trust in April 2017. (ECF No. 1-1 at 9.) Plaintiffs filed this action in July 2018, well within the five-year limitations period that Defendant asserts applies here. (*See* ECF No. 5 at 6–7 (citing W.Va. Code § 44D-10-1005(c)).) Thus, Defendant's motion to dismiss the action as time-barred is **DENIED**.

4

Turning to Plaintiffs' request for leave to conduct discovery, this Court has entered a scheduling order in this matter that gives the parties adequate time for discovery on the issue of this suit's timeliness. (*See* ECF No. 12.) Plaintiffs' motion for leave to conduct separate discovery on that issue is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, (ECF No. 4), is **DENIED**. Plaintiffs' motion for leave to conduct discovery, (ECF No. 7), is **DENIED**. This matter will proceed as outlined in this Court's scheduling order entered November 7, 2018. (ECF No. 12.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 13, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE